```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

**THOMAS BURNS,**                        :

    **Plaintiff,**                       :

**vs.**                                  :    CIVIL ACTION 06-00439-CG-B

**DEBORAH D. McGOWIN,**                  :

    **Defendant.**                       :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that Plaintiff's claims be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**I.   Complaint (Doc. 1).**

Plaintiff asserts that he met Deborah McGowin in April 2006, when she was appointed to represent him in connection with his revocation hearing. According to Plaintiff, upon meeting him, McGowin proceeded to tell him that he was going to jail. Plaintiff asserts that McGowin failed to conduct any investigation into his case, that she failed to acquaint herself with the facts of his case, and that she instead relied upon the sworn testimony of his

probation officer.  Plaintiff contends that he was deprived of an opportunity to present documents and gather witnesses and as a result, his probation was revoked.  He further contends that he filed a pro se notice for reconsideration and a notice of appeal of his probation revocation; however, McGowin withdrew his appeal before the Alabama Court of Criminal Appeals without his authority or consent.  Finally, Plaintiff alleges that although McGowin advised him that if he dropped his appeal, the judge would reconsider his sentence and release him on probation, the judge denied his request for reconsideration.  Plaintiff is requesting a monetary award of $250,000.

II.  **Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  Bilal v. Driver*,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  Bilal*,* 251 F.3d at 1348-49.

of law where, *inter alia*, the defendants are immune from suit, Id. at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, Id., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833. Notwithstanding, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

**III.  Discussion.**

Plaintiff has identified his action as arising under 42 U.S.C. § 1983 (Doc. 1). In order to state a claim under § 1983, a plaintiff must establish:  "(1) . . . the conduct complained of was

committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). The law is well established that in a § 1983 action, criminal defense counsel, retained or court-appointed, does not act under color of state law in the absence of a conspiracy. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) (public defender); Slavin v. Curry, 574 F.2d 1256, 1264 (5th Cir. 1978) (retained counsel), *overruled on other grounds by* Sparks v. Duval County Ranch Co., 604 F.2d 976, 978 (5th Cir. 1979).[2]

In Polk County, a public defender, who was paid by the State, was sued under § 1983 by his former client, an indigent criminal defendant. The Supreme Court reasoned that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel] is identical to that existing between any other lawyer and client." Id. at 318, 102 S.Ct. at 449. The Polk County Court concluded that "[t]his [relationship] is essentially a private

---

[2]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

function, traditionally filled by retained counsel, for which state office and authority are not needed." Id. at 319, 102 S.Ct. at 450 (footnote omitted).  The Court determined that court-appointed, criminal defense counsel carried out the traditional functions of a lawyer representing a criminal defendant and therefore did not act under color of state law. Id. at 325, 102 S.Ct. at 453.  Thus, the Court ruled that the § 1983 complaint against the public defender was to be dismissed for lack of state action. Id.

In the present action, Plaintiff has presented no allegation that Defendant McGowin acts under color of state law, nor is Defendant McGowin a defendant who typically acts under color of state law.  Thus, Plaintiff has failed to state a claim under § 1983.  See Blow v. McMaster, 2005 U.S. Dist. LEXIS 28792 (M.D. Fla. Nov. 10, 2005); Medina v. Minerva, 907 F. Supp. 379, 382-83 (M.D. Fla. 1995) (finding the attorneys employed by Capital Collateral Representative who represented the plaintiff in state and federal habeas proceedings challenging his death sentence did not act under color of state law because their situation was analogous to a public defender); cf. Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2567, 115 L.Ed.2d 640 (1991) (holding there is no constitutional right to representation by an attorney in state post-conviction, collateral proceedings).

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that the

federal claims be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **9th day** of **May, 2008.**

>    /S/ SONJA F. BIVINS
> **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can

7

be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        **DONE** this the **9th day** of **May, 2008.**

                                    /s/Sonja F. Bivins
                            **UNITED STATES MAGISTRATE JUDGE**